IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Secured Construction, LLC, | C/A No. 3:10-903-JFA-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Executive Construction, LLC; Judy A. Wilson; Melinda D. Brown; Jason A. Gates; Teresa L. Boyett; Kathleen B. Delzotti; Ross Raiff; Bryce Raiff; and Eddie Yandle, | |
| Defendants. | |

Secured Construction, LLC ("Plaintiff"), a business entity attempting to proceed without counsel, brings this civil action alleging breach of contract and seeking money damages. Plaintiff paid the full filing fee. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for lack of subject matter jurisdiction.

### *PRO SE* REVIEW – FILING FEE PAID

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Plaintiff's Complaint is subject to review pursuant to the inherent authority of this court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that

a case is not frivolous.¹ See Mills v. Greenville Co., 586 F.Supp.2d 480 (D.S.C. 2008); Cornelius v. Howell, No. 3:06-3387-MBS-BM, 2007 WL 397449 (D.S.C. Jan. 8, 2007) (noting that the payment of the full filing fee does not cure lack of jurisdiction); see also Bardes v. Magera, No. 2:08-487-PMD-RSC, 2008 WL 2627134 (D.S.C. June 25, 2008) (finding that a court must not screen a complaint pursuant to 28 U.S.C. § 1915(e)(2) when the plaintiff is a non-prisoner who paid the filing fee); Cummings v. Giuliani, No. 00 Civ. 6634 SAS, 2000 WL 1597868 (S.D.N.Y. Oct. 24, 2000) (finding that where a non-prisoner *pro se* plaintiff paid the filing fee to bring a civil action, the action was subject to dismissal with prejudice because it presented no arguably meritorious claim); Rolle v. Berkowitz, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678 (S.D.N.Y. Feb. 11, 2004) (finding that it was appropriate to dismiss with prejudice *sua sponte* a fee-paying *pro se* plaintiff's action because the court determined that the claims presented no arguably meritorious issue to consider); Pillay v. INS, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449

---

¹This court is <u>not</u> conducting an initial review of the complaint pursuant to 28 U.S.C. § 1915. Chief U.S. District Judge Norton of this court has indicated that § 1915 does not apply where a non-prisoner plaintiff paid the full filing fee. See Key v. United States Dep't of Transp., No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order) (finding that § 1915 review of a case does *not* apply if a plaintiff does not invoke §1915).

U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff's statement of claim set forth in the Complaint is the following:

Secured Construction, LLC was hired by Eddie Yandle, Owner of Executive Construction, LLC to preform [sic] drywall and paint work at the homes listed in the suit, as well as homes that Executive Construction, LLC ownes [sic]. Executive Construction, LLC has failed to pay the balances due to Secured Construction, LLC. We have listed the homeowners in the lawsuit as well seeing as they have benefited [sic] for the work preformed [sic] at their personal homes.

(Compl., Docket Entry 1 at 3.) The relief sought is the following: "Secured Construction, LLC is asking the court to make the defendants pay the balances owed. We are also seeking court fees, interest on monies due and punitive damages." (Id. at 4.) Plaintiff also set forth each defendant's address, and each address is located in either Elgin, West Columbia, or Lexington, South Carolina. Plaintiff's address is listed as Daniel Island, South

Carolina. Some unknown person signed the Complaint and the Local Rule 26.01 Answers to Interrogatories on behalf of the Plaintiff business entity. However, the signature is not legible, and that person's name and address does not appear to be listed anywhere for the court's information.

**DISCUSSION**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Pinkley, Inc., 191 F.3d at 399 (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., 191 F.3d at 399 (citing 2 MOORE'S FEDERAL PRACTICE § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the

court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

Subject matter jurisdiction focuses on the power of the court to hear a claim. See El-Hadad v. United States, 377 F.Supp.2d 42, 46 (D.D.C. 2005). Generally, a case can originally be filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Plaintiff's legal causes of action, liberally construed, include breach of contract and possibly unjust enrichment. These legal claims are state law claims and they do not pose any federal question such as an allegation of a violation of federal law or the United States Constitution. Therefore, this court does not have federal question jurisdiction.

A civil action for Plaintiff's state law claims would be cognizable in this court under the diversity statute only if that statute's requirements are satisfied. Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-791 (D.S.C. 1992), aff'd, 10 F.3d 806 (4th Cir. 1993) (Table). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). The complaint demonstrates that all parties involved seem to be domiciled in South Carolina. Accordingly, this court has no diversity jurisdiction over this case because it appears that complete diversity of parties is absent.[2]

---

[2] Notably, Plaintiff is not without a judicial remedy. It may be able to bring suit against the defendants in a South Carolina Court of Common Pleas.

*PJG*

Additionally, there is no indication that the unknown person who signed the complaint and Local Rule 26.01 Answers to Interrogatories on behalf of the Plaintiff business entity is a licensed attorney. Instead, the signatory appears to have acted *pro se*. A *pro se* litigant may not represent a corporation or a partnership. Rowland v. Cal. Men's Colony, Unit II Men's Advisory Coun., 506 U.S. 194, 202 (1993) (recognizing that the rationale for the rule that a corporation may appear in the federal courts only through licensed counsel applies equally to all artificial entities and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"); Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007) (holding that "a layperson may not represent a separate legal entity such as a corporation" and extending this to partnerships, single shareholder corporations, and limited liability companies, as well as to shareholders who file derivative suits); Pridgen v. Andresen, 113 F.3d 391, 392-393 (2nd Cir. 1997) (*pro se* litigant may not represent corporation, estate, partnership, or "his or her minor child").

## RECOMMENDATION

Accordingly, the court recommends that this action be dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 22, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).